Welch, J.
The first question raised, is upon the sufficiency of the answer to the original petition The court- of *common pleas held the answer a good defense, and overruled the plaintiff’s, demurrer thereto. Was this holding erroneous, and did it result i-n injury to the plaintiff?
We answer both questions in the negative. The answer sets up-two grounds of defense: 1. The execution of the bond, and the judgment thereon; 2. That the notes were obtained wrongfulLy and “ without consideration.” Each of these goes to the whole case made in the petition, and if either is a good defense, the court did. .not err in overruling the demurrer. Without deciding upon the-sufficiency of the first, we are satisfied that the second is a good defense. The notes were not payable in money or currency; nor were they payable in bank-notes generally, or in bank-notes cur *7 rent at any particular place. They were made payable in the paper of a particular bank, absolutely, and without reference to the currency or value of the paper. They were not, therefore, notes for the payment of money, within the principles of any former adjudication of this court, or of any respectable authority elsewhere. It follows,, that the consideration may be inquired into, and the want of it may be set up as a defense, as well against the bona fide indorsee, as against the original payee, and that there was at least one good ground of defense contained in this answer. The court, therefore, did not err in overruling the demurrer to the answer.
But suppose it were otherwise—suppose the court did err ini holding the answer sufficient. Has that error resulted to the plaintiff’s injury, so as to justify him in asking the reversal of the final judgment on that account ? Clearly.not. The defense in question —a want of consideration—-was subsequently abandoned, and a new and -totally different defense—a want of indorsement—was interposed. The answer setting up the latter defense, by its silence on the subject, admits the existence of a good consideration. The final judgment, which the plaintiff seeks to-reverse, was predicated upon the admitted fact that there was a good consideration, and upon the further fact, found by the court upon the evidence, that the notes had never been indorsed. How, then, can the plaintiff be injured by the supposed error of the court ? What he failed to obtain from the the court, by its refusal to hold the ^defense of no consideration invalid in law, he obtained from the party, by the tacit admission of its non-existence in fact. In other words, if there was in fact a good consideration, the opinion of the court as to the effect of a supposed want of consideration, becomes a mere abstraction. If the notes were never indorsed to the plaintiff, he had no cause of action, and it is wholly out of the case finally made and decided, to inquire what would have been the effect of a want of consideration, had they been indorsed.
The second error alleged is, in sustaining the demurrer to the first amended petition. It seems clear to us that there was a misjoinder of parties, and that upon that ground alone, the court were right in sustaining the demurrer. It matters not that the petition made a good case against some of the parties, or against each of them separately; if they were improperly joined, the court could only sustain the demurrer, leaving it to the plaintiff to say whether he would amend, and-proceed against some of the parties only- *8 This is precisely what the court did; and the plaintiff accordingly amended, and proceeded against Street alone, upon the notes.
But there is a second answer to this petition in error, as • there was to the former, in the fact that the case made in the first amended petition was afterward abandoned, and a new and repugnant case made in the second amended petition. The case made in the first .amended petition was on notes made to the plaintiff, upon a consideration passing from the plaintiff. The case in the second amended petition was, upon notes made to Underhill, upon (implied) considerations passing from Mm, and an indorsement and sale of the notes by him to the plaintiff. It is only necessary to state the cases, in ■order to see that they are not repugnant, and that a party setting up one necessarily abandons the other, and admits that it is untrue. And it is unnecessary to say that a party can not reverse a judgment for an erroneous holding in a supposed ease, which he finally admits has no existence in fact.
It is said, in the third place, that the court erred in overruling the plaintiff’s exceptions to certain depositions. But the record does not show any of the facts. There is no bill of exceptions, and the -record only shows that the plaintiff ^excepted to the ■depositions, alleging as a reason that they were not properly sealed up and directed by the officer. Whether they were in fact so sealed and directed, the court below had the means of knowing—we have not. It is unnecessary, therefore, to decide whether the objections were valid in law, as it is not shown that’they were founded in fact. The bare assigning them as a ground of excejDtion, is no proof of the facts. If it were, the court surely erred; for it appears, in another part of the record, that a similar exception was overruled, where the ground alleged was, that the deposition was not taken at the time and place specified in the notice; and yet no exception was taken to this order.
The only remaining question is, whether the court erred in refusing the motion to amend the alleged undertaking, and in striking the cause from the second-trial docket. In other words, was there any “ undertaking ” susceptible of amendment as such, or were the steps taken for the purpose of giving such undertaking sufficient to give jurisdiction to the court, and justify an order for amendment.
There certainly was no “undertaking” in any admissible sense of the term. The entry on the journal was made by Jordan as *9 ■cleric, and not as an obligor, or surety. It is a mere memorandum, ■of the fact that money had been deposited—“in lieu of an undertaking.” It has none of the elements of an undertaking, such as ■the statute requires. It is ex parte. It is a private memorandum, •made to aid the memory of the clerk, as to the fact of the deposit. It was not the entry on the journal that the clerk “ approved.” He .approved the “ security ”—the $200 deposited. The plaintiff had no intention, and he took no steps, to file an undertaking. What he ■intended was, to deposit money—“ in lieu of” the undertaking—and, possibly, to preserve evidence of the fact. He fully accomplished .all he intended or attempted. No doubt he omitted to file the undertaking, in ignorance of the law, and acted in good faith, believing that a deposit of the money would be all that was required. But is that sufficient ? Is the simple fact that money was deposited, with the general intention of complying with the law, enough to give jurisdiction ? It is neither an undertaking, nor a “ proceeding” for *the “purpose” of filing an undertaking. It can not be .amended into an undertaking. The remedy, if any is necessary, is with the legislature. When the legislature enact that the general intention to comply with the law for second trials, and any act done in pursuance of that intention, shall be sufficient to give the ■court jurisdiction, this case will come within the law. At present there is no such law. By the act of May 1, 1862, passed after this -cause was decided, the deposit of money in such cases is allowed in lieu of an undertaking. But there was no such law in force at the time the thirty days allowed for filing an undertaking in the «ase expired. I know the general power of amendment given to the courts by the code is very broad, and is only limited by the ■“ justice ” of the case. . But the statutory thing to be amended must exist, before the power can be exercised. Under the present statute ■an imperfect deposit of money, or steps taken to make it, could be amended or aided. Before its passage it was only an undertaking, •or steps taken to give one, that could be so amended or aided.
It is hardly necessary to say, that we can not see any force in the •suggestion that the certificate of deposit, filed as money in the case, and treated as money by the clerk, may be considered as an undertaking. It was not filed as such, and has not the form of such. It ■was merely evidence that the-plaintiff had money deposited in bank, payable to his order. In the clerk’s entry he calls it money, and having received and treated it as such, could properly call it noth *10 ing else. It requires little more imagination to make an undertaking out of the petition filed in the case, than it does to make one out of this certificate of deposit.
Upon the whole, then, we can see no error in the record, and are of opinion that the judgment of the common pleas should be affirmed.

Judgment affirmed.

Brinkerhoee, C. J., and Scott and White, JJ., concurred.
Day, J., having been of counsel, did not sit in the cause!